UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICORY GRIFFIN,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERYL SANDBERG, et al.,<br><br>    Defendants. | Case No. 23-cv-04047-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR CLASS CERTIFICATION**<br><br>(ECF No. 1) |

## INTRODUCTION

Plaintiff Chicory Griffin ("Plaintiff") is an inmate in Missouri who is proceeding without representation by an attorney. He filed this civil complaint against Sheryl Sandberg, the corporations Cambridge Analytica and Meta Platforms, Inc. ("Meta"), and other unidentified defendants. (ECF No. 6.) He is granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff alleges Sandberg "assisted the violations of my data privacy right" by "illegally disclosing" his data to "3rd parties, app developers, whitelisted parties, data brokers, etc." (ECF No. 6 at 2-3.) He further alleges Cambridge Analytica "wrongfully expos[ed] my data to a plethora of culprits" that caused him "to be cyberstalked, profiled, and subjected to bio-metric technology." (*Id.* at 3.) He also alleges Meta caused him to be "subjected to bio-metric technology, cyberstalking, and profiling" and "abuse of a plethora of data to 3rd parties" by "abusing my data" and "my friends [sic] data." (*Id.*) Finally, Plaintiff alleges a number of unidentified defendants are "illegally exposing my data, my friends [sic] data and information." (*Id.*) He alleges he has suffered "mental damages," "emotional damages," and "social damages,"

for which he seeks nearly five million dollars.  (*Id.* at 4.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.

## LEGAL CLAIMS

The allegations and prayer for relief in the complaint duplicate those of an existing class action, *In re Facebook, Inc., Consumer Privacy User Profile Litigation,* No. 18-md-2843-VC (N.D. Cal.) ("*In re Facebook*") (ECF No. 491 at 89-250 (setting forth factual allegations regarding violations of data privacy), 354 ¶ 1383 (seeking damages)).  An individual suit for injunctive and equitable relief must be dismissed when it duplicates an existing class action's allegations and prayer for relief.  *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class

action" suit involving the same subject matter).  Plaintiff is a class member and, as a Missouri resident, a member of the Missouri "subclass" of *In re Facebook. See In re Facebook* (ECF No. 491 at 252 ¶ 764(a), 254 ¶ 764(a)(xiv)).[1]  That case has reached a settlement, *id.* at ECF No. 1118, and Plaintiff does not allege he opted out of the settlement.  Since he does not allege he opted out, Plaintiff must submit any claim for damages to the settlement administrator for whom he already has the contact information.  (ECF No. 6 at 5.)  To the extent he seeks other forms of equitable relief, he must do so by urging further actions through the class representative and class counsel, or by intervention in the class action, not by filing a separate, individual case.  *See Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc)) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action.").  It is possible Plaintiff *has* opted out of the settlement agreement.  If so, he must make such an allegation in an amended complaint according to the instructions set forth below.

Plaintiff's motion for class certification (ECF No. 1) must be denied.  It is not clear what class he seeks to certify, but it would appear he is referring to the class that was already certified in *In re Facebook*.  To the extent Plaintiff seeks to certify some other class, prisoner-plaintiffs who are not represented by a lawyer are not adequate class representatives able to fairly represent and adequately protect the interests of the class, *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975), *see also Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that a prisoner not represented by an attorney cannot adequately represent class).

The complaint adds a second plaintiff, Antoinette Griffin.  (ECF No. 6 at 2.)  Antoinette Griffin did not sign the complaint or any other filings, as required by Rule 11 of the Federal Rules of Civil Procedure.  Plaintiff Chicory Griffin may not represent her, moreover, because he is not a

---

[1] Plaintiff requests to be added "as one of the plaintiffs" in *In re Facebook.* (ECF No. 6 at 4-5.)  As a class member, he is already a plaintiff.  Plaintiff has also requested the Court send a copy of his complaint to the settlement administrator.  (*Id.* at 5.)  Plaintiff must send his requests to the settlement administrator himself.

lawyer. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). In any event, this plaintiff must also pursue her claims regarding Defendants' alleged violations of her data privacy through the settlement administrator or class counsel in *In re. Facebook*, as described above.

Plaintiff also requests copies of a number of documents filed in *In re Facebook*. (ECF No. 6 at 4-5.) To obtain copies of court documents, Plaintiff must complete and submit the court's form for requesting for photocopies, which will be sent to him.

## CONCLUSION

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff opted out of the *In re Facebook* settlement, Plaintiff may file an amended complaint on or before **January 18, 2024,** that alleges he opted out, and how and when he did so. Plaintiff is not given leave to add any new claims or defendants. The amended complaint must include the caption and civil case number used in this order (No. C 23-4047 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>If Plaintiff does not file an amended complaint within the designated time, the case will be dismissed without prejudice.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

    3. The motion for class certification is DENIED.

The clerk shall send Plaintiff the court's photocopy request form.

This order resolves docket number 1.

**IT IS SO ORDERED.**

Dated: December 19, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge